UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KIARA HADNOT                                                                                              Plaintiff

v.                                                                                      Civil Action No. 3:25-cv-280-RGJ

FORD MOTOR COMPANY                                                                         Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Kiara Hadnot ("Hadnot") moves to remand this action to Jefferson Circuit Court for failure to meet the requirements of diversity jurisdiction. [DE 12]. Defendant Ford Motor Company ("Ford") has not responded and the time to do so has passed. The motion is ripe. For the reasons below, Hadnot's Motion to Remand [DE 12] is **GRANTED**.

**I.      BACKGROUND**

Initially filed in Jefferson County Circuit Court on April 24, 2025, Hadnot asserted two claims against Ford: (1) gender discrimination under KRS § 344.040(1), and (2) unlawful retaliation under KRS § 344.280(1). Hadnot's complaint contends that from May 2024 to March 2025, she was employed at Ford as a line operator and made $23.35 per hour. [DE 1-2 at 13]. While employed by Ford, Hadnot claims she was "subjected to gender-based discrimination, including derogatory and discriminatory comments." [*Id*.]. The alleged comments included Hadnot being referred to as "'bitch', 'bitches', and being told to 'try me.'" [*Id*.]. Hadnot asserts that she informed management, and management said "'there's nothing we can do about it.'" [*Id*.]. She was subsequently terminated. [*Id*.].

Ford timely removed this case to federal court under diversity jurisdiction and moved to dismiss. [DE 1; DE 8]. Hadnot now moves to remand to Jefferson Circuit Court, arguing that the

1

amount in controversy threshold has not been met. [DE 12]. Hadnot attaches a stipulation to her motion to remand, asserting that she "will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000)," and that this stipulation is "intended to be unequivocal and binding on [Hadnot][.]" [DE 12-1 at 88-89]. Ford did not respond.

## II. STANDARD

Removal to federal court is proper for "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

Generally, federal courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)).

Two rules of Kentucky civil procedure complicate the question of proper removal to federal court regarding the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in his or her complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2

(W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This allows a plaintiff to claim in his complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it is "more likely than not" the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford*, 997 F.2d at 158.

Here, neither party disputes that there is diversity of citizenship, only whether the amount in controversy threshold has been met.

### III.  ANALYSIS

1. <u>Clarification of Amount in Controversy</u>

The Sixth Circuit has held "that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added); *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463 (6th Cir. 2019). Courts in this District have noted that stipulations made by a plaintiff reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal

quotation marks and citations omitted); *see also Agri-Power, Inc.*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1.

Yet courts in this district have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, 3* (W.D. Ky. Dec. 21, 2018) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, [the] district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power, Inc.*, 2013 WL 3280244, at *3 (citing *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012)); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded."); *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). Because Ky. R. Civ. P. 8.01 prevents a statement in the complaint, Young has the right to make a post-removal stipulation to clarify, or re-assert that she will not seek or accept an award greater than an amount. *See Agri-Power*, 2013 WL 3280244, at *1.

In Hadnot's Complaint, Motion to Remand and attached post-removal stipulation, Hadnot states that the amount of controversy is less than $75,000 and she will neither seek nor accept damages equal to or greater than $75,000. [DE 1-2 at 13; DE 12 at 86; DE 12-1 at 88-89]. As there has been no discovery, this post-removal stipulation is a clarification of the amount in

controversy rather than a reduction. *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman*, 2017 WL 6544826, at *1; *Tankersley,* 33 F. Supp. 3d 775 at 780. Hadnot has a right to make a post-removal stipulation to clarify or re-assert that she will not seek or accept an award greater than that amount. *Agri-Power*, 2013 WL 3280244, at *3. This result follows the well-established principle that "federal courts are courts of limited jurisdiction, [and] any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court," *Tankersley*, 33 F. Supp. 3d at 777, as well as the notion that the plaintiff is the "master of the claim," *Jenkins*, 2018 WL 6728571, at *4. Because Hadnot's Complaint, Motion to Remand, and Stipulation all state that the amount in controversy is less than $75,000, Hadnot's stipulation is a clarification that the amount in controversy is below the jurisdictional threshold, rather than a reduction.

2. Unequivocal

But Hadnot's post-removal stipulation must also be "unequivocal" to defeat jurisdiction. *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual limitation on the amount of a potential judgment — [t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014). "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5.

Both Kentucky federal and state courts have recognized that plaintiffs are prevented from later taking an inconsistent position to one previously advocated, i.e., following a post-

removal stipulation of damages. *See, e.g.*, *Spence v. Centerplate*, 931 F. Supp.2d 779, 782 (W.D. Ky. 2013); *Tankersley.*, 33 F. Supp. 3d at 780-81; *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759, 763 (Ky. App. 2001) (quoting *Reynolds v. Comm'r*, 871 F.2d 469, 472-73 (6th Cir. 1988)). "While an unscrupulous party might seek to abuse the process, this court is placing absolute reliance upon counsel's statement limiting damages as an essential component of our order of remand." *Emmitt v. Elmington Prop. Mgmt., LLC*, No. 3:17-CV-00706-GNS, 2018 WL 2011932, at *3 (W.D. Ky. Apr. 30, 2018) (citation omitted). Plaintiff is admonished that any attempt to void the pledge memorialized in his stipulation may be considered sanctionable conduct and may justify re-removal. *See, e.g.*, *Jefferson v. Hyatt Corp. of Delaware,* No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *5 (W.D. Ky. Apr. 10, 2015); *Jester,* 2013 WL 6072994, at *2; *Van Etten v. Bos. Sci. Corp.,* No. 3:09CV-442-H, 2009 WL 3485909, at *2 (W.D. Ky. Oct. 23, 2009) ("Should counsel or Plaintiff attempt to void this commitment . . . this should be dealt with the utmost severity.").

Hadnot's stipulation states that she will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000)," and that this stipulation is "intended to be unequivocal and binding on [Hadnot][.]" [DE 12-1 at 88-89]. These statements include the required "seek nor accept" language. *See Jenkins*, 2018 WL 6728571, at *4.  Therefore, Hadnot's stipulation is unequivocal. Thus, because Hadnot's stipulation is a clarification of the amount in controversy, and unequivocal, her Motion to Remand [DE 12] must be **GRANTED**.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Hadnot's Motion to Remand [DE 12] is **GRANTED**.

2) The case is **REMANDED** to Jefferson Circuit Court.

June 24, 2025

Rebecca Grady Jennings, District Judge
United States District Court

cc: Jefferson Circuit Court, 25-CI-003209